# IN THE COURT OF APPEALS OF IOWA

No. 21-1625
Filed December 21, 2022

**MICHAEL EARL HILSON,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Polk County, Samantha J. Gronewald, Judge.

 Michael Earl Hilson appeals the dismissal of his third application for postconviction relief. **AFFIRMED.**

 Debra S. De Jong of De Jong Law Firm, P.C., Orange City, for appellant.

 Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

 Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

In 2010, Michael Earl Hilson was convicted of first-degree burglary and third-degree sexual abuse. His conviction was affirmed by this court in 2013. *State v. Hilson*, No. 10-0665, 2013 WL 541621, at \*1 (Iowa Ct. App. Feb. 13, 2013). He filed an application for postconviction relief (PCR), the denial of which was affirmed by this court. *Hilson v. State*, No. 15-0679, 2016 WL 6652329, at \*1 (Iowa Ct. App. Nov. 9, 2016). His second application for PCR relief was dismissed. *See Hilson v. State*, No. 18-2189, 2020 WL 2060300, at \*1 (Iowa Ct. App. Apr. 29, 2020).

On August 10, 2021, Hilson filed a third application for PCR, asserting actual innocence, newly-discovered evidence, and ineffective assistance of counsel. Some issues raised by Hilson were raised and decided in the earlier PCR cases. *See Clark v. State*, 955 N.W.2d 459, 464 (Iowa 2021) (noting the doctrine of "issue preclusion prevents parties from relitigating issues already raised and resolved in a prior action"). The evidence relating to his remaining claims could have been discovered and raised within the limitations period of Iowa Code section 822.3 (2021), and therefore the claims are time-barred.[1] We affirm without further

---

[1] Iowa Code section 822.3 sets a three-year limitations period:

> [PCR] applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period. For purposes of this section, a ground of fact includes the results of DNA profiling ordered pursuant to an application filed under section 81.10.

opinion. Iowa Ct. R. 21.26(1)(e) ("A full opinion would not augment or clarify existing case law.").[2]

**AFFIRMED.**

---

[2] The State raised a jurisdictional question about the timeliness of Hilson's appeal. We consider his post-ruling motions to be akin to a motion under Iowa Rule of Civil Procedure 1.904(2), extending the jurisdictional deadline to thirty days after the court's ruling on the motion. Hilson's notice of appeal was filed within the extended time.